PER CURIAM.
The order on appeal dismissed an amended complaint with prejudice for failure to state a cause of action in that appellee’s action of which appellant complained was a discretionary judicial decision to which absolute judicial immunity attached. The *220 complaint was properly dismissed for failure to state a cause of action. However, we are unable to say that appellant could not under any circumstances amend his complaint to state a cause of action. Until the amendment is framed it cannot be stated with any certainty whether the exception to judicial immunity enunciated in Forrester v. White, — U.S. -, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), will or will not apply or whether a form of limited judicial immunity may be applicable. Further, we are unable to ascertain what theory appellant would rely upon to impose personal liability for wrongs allegedly committed by one holder of the office of chief judge upon his successor to that office. These are formidable and, indeed, may be insurmountable obstacles which appellant will face upon remand. Nonetheless, he is entitled to make that effort.
We reverse and remand with instructions to permit amendment of the complaint within a reasonable time.
REVERSED and REMANDED.
HERSEY, C.J., and DOWNEY and ANSTEAD, JJ., concur.